**B1 (Official Form 1) (04/13)**

| United States Bankruptcy Court<br>Northern District of Illinois | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Jennings, Lyletha | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):   7586 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |

| Street Address of Debtor (No. and Street, City, and State)<br>3400 Saint Paul Ave.<br>Bellwood, IL<br>ZIPCODE  60104 | Street Address of Joint Debtor (No. and Street, City, and State<br>ZIPCODE |
|---|---|
| County of Residence or of the Principal Place of Business:<br>Cook | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |

| Location of Principal Assets of Business Debtor (if different from street address above):   ZIPCODE |
|---|

**Type of Debtor**
(Form of Organization)
(Check one box)
- [x] Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other  N.A.

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main  Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests: _____
Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____

**Tax-Exempt Entity**
(Check box, if applicable)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code)

**Nature of Debts**
(Check one box)
- [x] Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only)   Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
- [ ] Debtor is not a small business as defined in 11 U.S.C. § 101(51D)

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with  11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISU-NYJA*****-

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Lyletha Jennings |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: NONE | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: N.A. | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X   /s/ George I. Sarolas                    September 28, 2013 <br>     Signature of Attorney for Debtor(s)         Date |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
#### (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
#### (Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (04/13) | Page 3 |
|---|---|

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): Lyletha Jennings |
|---|---|

## Signatures

<table>
<tr>
<td colspan="1">

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Lyletha Jennings
_____
Signature of Debtor

**X**
_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

September 28, 2013
_____
Date

</td>
<td colspan="1">

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 of title 11 are attached.

☐  Pursuant to 11 U.S.C.§ 1511, I request relief in accordance with the chapter of title 11 specified in this petition.    A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

</td>
</tr>
<tr>
<td>

### Signature of Attorney*

**X** /s/ George I. Sarolas
_____
Signature of Attorney for Debtor(s)

GEORGE I. SAROLAS 6209025
_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

7234 W. North Ave., Suite 210
_____
Address

Elmwood Park, IL 60707
_____

(708) 456-5700
_____
Telephone Number

September 28, 2013
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td>
<td>

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

**X**
_____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

</td>
</tr>
<tr>
<td>

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

</td>
<td></td>
</tr>
</table>

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re<u>  Lyletha Jennings                              </u>                     Case No.<u>              </u>

                  Debtor(s)                                                 (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑   1.  Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐   2.  Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B1 D (Official Form 1, Exh. D) (12/09) – Cont.                                                                      Page 2

❏  3.   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏  4.   I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ❏  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ❏  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
    ❏  Active military duty in a military combat zone.

❏  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  _____/s/ Lyletha Jennings_____
                                              LYLETHA JENNINGS

Date: _____September 28, 2013_____

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISU-NY1A*****-.

**B6 Cover (Form 6 Cover) (12/07)**

# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B. Subsequent pages should be identified with the debtor's name and case number. If the schedules are filed with the petition, the case number should be left blank

Schedules D, E, and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or it part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISU-NYJA*****-

B6A (Official Form 6A) (12/07)

In re   Lyletha Jennings                                    Case No. _____
                **Debtor**                                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total | 0.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - W8U-NYJA*****-

**B6B (Official Form 6B) (12/07)**

In re   Lyletha Jennings _____    Case No. _____
          **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | US Bank<br>Debtor's residence | | 500.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Misc HHG, no item over $400<br>Debtor's residence | | 2,000.00 |
| 5.  Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | General day-to-day clothing and work uniforms<br>Debtor's residence | | 500.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****-****-

In re   Lyletha Jennings                                            Case No. _____
                    **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Rail Road Pension - Union Pacific<br>Debtor's residence | | Indeterminate |
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2007 Cadillac DTS-V8<br>Debtor's residence | | 10,000.00 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****-

In re   Lyletha Jennings                                              Case No. _____
              **Debtor**                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

_____0_____ continuation sheets attached     Total     $      13,000.00

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WSU-NYJA*****-

**B6C (Official Form 6C)  (04/13)**

In re ___Lyletha Jennings_____     Case No. _____
                 **Debtor**                                                        **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐   11 U.S.C. § 522(b)(2)               ☐  Check if debtor claims a homestead exemption that exceeds $155,675*.

☑   11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Misc HHG, no item over $400 | Other property 735 I.L.C.S 5§12-1001(b) | 2,000.00 | 2,000.00 |
| US Bank | Other property 735 I.L.C.S 5§12-1001(b) | 500.00 | 500.00 |
| General day-to-day clothing and work uniforms | Wearing apparel, bible, school books, pictures 735 I.L.C.S 5§12-1001(a) | 500.00 | 500.00 |
| 2007 Cadillac DTS-V8 | One motor vehicle 735 I.L.C.S 5§12-1001(c) | 0.00 | 10,000.00 |
| Rail Road Pension - Union Pacific | Pension & retirement plans 735 I.L.C.S 5§12-1006 | Indeterminate | Indeterminate |
| | Total exemptions claimed: | 3,000.00 | |

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISUSNYJA*****-

B6D (Official Form 6D) (12/07)

In re _____,     Case No. _____
    Lyletha Jennings
                **Debtor**                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. xxxxx7586 First Premier 3820 N. Louise Ave. Siouix Falls, SD 57107-0145 | | | | | | | | 433.00 |
| | | | VALUE $          0.00 | | | | 433.00 | |
| ACCOUNT NO. xxxxxx7586 LVNV Funding LLC P.O. Box 10497 Ste 110, Ms 576 Greenville, SC 29603-0497 | | | | | | | | 1,498.00 |
| | | | VALUE $          0.00 | | | | 1,498.00 | |
| ACCOUNT NO. xxxxx7586 Overland Bond 4701 W. Fullerton Ave. Attn: Robert J. Nicpon Chicago, IL 60639-1817 | | | Lien: Security Interest Security: 2007 Cadillac DTS vehicle | | | | | 10,149.00 |
| | | | VALUE $     12,000.00 | | | | 22,149.00 | |

___0___ continuation sheets attached

| | | | |
|---|---|---|---|
| | Subtotal ▶ (Total of this page) | $   24,080.00 | $   12,080.00 |
| | Total ▶ (Use only on last page) | $   24,080.00 | $   12,080.00 |
| | | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WI5U-NYJA*****

**B6E (Official Form 6E) (04/13)**

In re _____Lyletha Jennings_____,    Case No._____
                  Debtor                                       (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NVJA*****.

**B6E (Official Form 6E) (04/13) - Cont.**

In re_____Lyletha Jennings_____,    Case No._____
                     Debtor                                                            (if known)

☐  **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____2_____  **continuation sheets attached**

B6E (Official Form 6E) (04/13) - Cont.

In re Leyletha Jennings _____,      Case No. _____
              **Debtor**                 **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)      **Sec. 507(a)(8)**

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above..)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. xxxx5466<br><br>City of Chicago<br>c/o Arnold Scott Harris<br>111 W. Jackson Blvd., Suite 600<br>Chicago, IL 60604 | | | Consideration: municipal fine | | | | 800.00 | 800.00 | 0.00 |
| ACCOUNT NO. xxx7198; xxxx7197<br><br>City of Chicago<br>121 N. LaSalle Street, Room 107<br>Chicago, IL 60602 | | | Consideration: parking violations | | | | 488.00 | 0.00 | 488.00 |
| ACCOUNT NO. xxxx9931<br><br>Clerk of the Circuit Court<br>1500 Maybrook Dr.<br>Maywood, IL 60153-2485 | | | Consideration: driving without insurance penalty/fine | | | | 500.00 | 500.00 | 0.00 |
| ACCOUNT NO. xxxx9968<br><br>Cook County Dept. of Revenue<br>c/o Penn Credit<br>916 S. 14th Street<br>P.O. Box 988<br>Harrisburg, PA 17108-0988 | | | Consideration: violation of county code - collections | | | | 41.88 | 41.88 | 0.00 |

Sheet no. 1 of 2 continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal ► (Totals of this page) | $ 1,829.88 | $ 1,341.88 | $ 488.00 |
| Total ► (Use only on last page of the completed Schedule E.) Report also on the Summary of Schedules) | $ | | |
| Totals ► (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ | $ | $ |

B6E (Official Form 6E) (04/13) - Cont.

In re Leyletha Jennings_____,                    Case No. _____
                    **Debtor**                                                      **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)       Sec. 507(a)(8)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above..)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxxx7586; xxxx1640 <br><br> Illinois Dept. of Revenue <br> P.O. Box 19035 <br> Springfield, IL 62794-9035 | | | Incurred: 2008-2012 Consideration: State of Illinois taxes | | | | 5,849.74 | 5,849.74 | 0.00 |
| ACCOUNT NO.  xxxxx6088 <br><br> Suburban Radiologists <br> 1446 Momentum Place <br> Chicago, IL 60689-5314 | | | Consideration: Medical services | | | | 180.98 | 0.00 | 180.98 |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. _2_ of _2_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal (Totals of this page) ➤ | $ 6,030.72 | $ 5,849.74 | $ 180.98 |
| Total ➤ (Use only on last page of the completed Schedule E.)  Report also on the Summary of Schedules) | $ 7,860.60 | | |
| Totals ➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ | $ 7,191.62 | $ 668.98 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WSU-NYJA*****-

B6F (Official Form 6F) (12/07)

In re __Lyletha Jennings_____,   Case No. _____
          **Debtor**   **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxx8545 <br><br> Activity Collection SE <br> Attn: Bankruptcy Dept. <br> 664 N. Milwaukee Ave. <br> Prospect Heights, IL 60070 | | | Consideration: Medical services | | | | 278.00 |
| ACCOUNT NO.  xxxxx6461 <br><br> Adventist Health <br> Illinois Heart and Vascular <br> 16955 Collection Center Drive <br> Chicago, IL 60693 | | | Consideration: Medical services | | | | 23.37 |
| ACCOUNT NO.  xxxxx6475 <br><br> Adventist La Grange Memorial Hospital <br> 75 Remittance Dr., Suite 3204 <br> Chicago, IL 60675-3204 | | | Consideration: Medical services | | | | 348.10 |
| ACCOUNT NO.  xxxx2934 <br><br> Advocate Health Care <br> 22091 Network Place <br> Chicago, IL 60673-1220 | | | Consideration: Medical services | | | | 235.00 |

__8_____continuation sheets attached

Subtotal ➤ | $ | 884.47

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   Lyletha Jennings_____ ,         Case No. _____
                        **Debtor**                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxxx7586 Ameri Cash Loans 1117 S. First Ave. Maywood, IL 60153 | | | Consideration: Personal loan - payday loan | | | | 4,009.00 |
| ACCOUNT NO.  xxxxx7586 Ameri Cash Loans LLC 880 Lee Street, Suite 302 Des Plaines, IL 60016 | | | Consideration: Personal loan - payday loan | | | | 3,250.21 |
| ACCOUNT NO.  xxxxx0081 Anarkali Internists 4647 Lincoln Highway Lower Level Matteson, IL 60443 | | | Consideration: Medical services | | | | 213.77 |
| ACCOUNT NO.  xxx2175 Aspen Mastercard c/o Midland Funding 8875 Aero Dr., Suite 200 San Diego, CA 92123 | | | Consideration: Credit card debt - collection agency | | | | 1,210.00 |
| ACCOUNT NO.  xxxx4326 CB USA INC. Attn: Bankruptcy Dept. 5252 S. Hohman Ave. Hammond, IN 46320 | | | Consideration: Medical services | | | | 157.00 |

Sheet no. __1__ of __8__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $   8,839.98

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA-*****-

B6F (Official Form 6F) (12/07) - Cont.

In re  Lyletha Jennings_____,    Case No. _____
           **Debtor**    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxxx6870 <br><br> Chase Bank <br> P.O. Box 659732 <br> San Antonio, TX 78265 | | | Consideration: overdrawn bank fees | | | | 762.71 |
| ACCOUNT NO.  xxxx5466 <br><br> City of Chicago <br> c/o Arnold Scott Harris P.C. <br> 111 W. Jackson Blvd., Suite 600 <br> Chicago, IL 60604 | | | Consideration: administrative judgment | | | | 800.00 |
| ACCOUNT NO.  xxxx8411 <br><br> Com Ed <br> c/o Contract Callers, Inc. <br> 1058 Claussen Road, Suite 110 <br> Augusta, GA 30907 | | | Consideration: utility - collections | | | | 347.00 |
| ACCOUNT NO.  xxxxxx7586 <br><br> Equifax <br> Attn: Bankruptcy Dept. <br> P.O. Box 740241 <br> Atlanta, GA 30374 | | | Consideration: notice only to credit bureau | | | | Notice Only |
| ACCOUNT NO.  xxxxx7586 <br><br> Experian <br> Attn: Bankruptcy Dept. <br> P.O. Box 2002 <br> Allen, TX 75013 | | | Consideration: notice only to credit bureau | | | | Notice Only |

Sheet no. __2__ of __8__ continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

                                    Subtotal ➤  $  1,909.71

                                      Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****-

B6F (Official Form 6F) (12/07) - Cont.

In re  Lyletha Jennings_____,  Case No. _____
            **Debtor**                                            **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. xxxxx5861<br><br>Express Scripts<br>5701 E. Hillsborough Ave., Suite 1300<br>Tampa, FL 33610 | | | Consideration: Medical services | | | | 160.00 |
| ACCOUNT NO. xxxx7586<br><br>First Premier Bank<br>Attn: Bankruptcy Dept.<br>601 S. Minnesota Ave.<br>Sioux Falls, SD 57101 | | | Consideration: Credit card debt | | | | 433.00 |
| ACCOUNT NO. xxxxx7586<br><br>Guaranty Bank<br>c/o State Collection Services<br>2509 S. Stoughton Road<br>Madison, WI 53716-3314 | | | Consideration: Credit card debt - collection agency | | | | 557.00 |
| ACCOUNT NO. xxxx6473<br><br>JP Morgan Chase<br>P.O. Box 659754<br>San Antonio, TX 78265 | | | Consideration: insufficient funds on credit | | | | 612.50 |
| ACCOUNT NO. xxxxx0024<br><br>Loyola University Medical Center<br>P.O. Box 3021<br>Milwaukee, WI 53201-3021 | | | Consideration: Medical services | | | | 75.00 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISU-NVJA-****** -

Sheet no. __3__ of __8__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤    $      1,837.50

Total ➤    $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   Lyletha Jennings_____,          Case No. _____
              **Debtor**                                                                          **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxxxx0187<br><br>Marin<br>c/o LVNV Funding LLC<br>P.O. Box 740281<br>Houston, TX 77274 | | | Consideration: loan | | | | 1,425.00 |
| ACCOUNT NO.  xxxxx0904<br><br>McCook Fire Dept.<br>P.O. Box 1368<br>Elmhurst, IL 60126 | | | Consideration: Medical services | | | | 64.36 |
| ACCOUNT NO.  xxxxx8310<br><br>Metro Center for Health<br>901 McClintock Dr., Suite 202<br>Burr Ridge, IL 60527-0844 | | | Consideration: Medical services | | | | Notice Only |
| ACCOUNT NO.  xxxxxx8310<br><br>Metro Center for Health<br>Brian Harting<br>901 McClintock Dr., Suite 202<br>Burr Ridge, IL 60527-0844 | | | Consideration: Dental services | | | | 120.09 |
| ACCOUNT NO.  xxxxx8310<br><br>Metro Center for Health<br>Jamie Belmares-Avalos<br>901 McClintock Dr., Suite 202<br>Burr Ridge, IL 60527-0844 | | | Consideration: Medical services | | | | 100.00 |

Sheet no. __4__ of __8__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $  1,709.45

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISU-NYJA-*****-

B6F (Official Form 6F) (12/07) - Cont.

In re  Lyletha Jennings _____,    Case No. _____
                     **Debtor**                                                      **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxxxx7101<br><br>Metro Center for Health<br>M. Leonard<br>901 McClintock Dr., Suite 202<br>Burr Ridge, IL 60527-0844 | | | Consideration: Medical services | | | | 8.48 |
| ACCOUNT NO.  xxxx7586<br><br>Midland Credit Mgmt., Inc.<br>8875 Aero Dr., Suite200<br>San Diego, CA 92123-2255 | | | Consideration: Credit card debt - collection agency | | | | 2,297.00 |
| ACCOUNT NO.  xxxx0369; xxxx1219<br><br>Mira Med Revenue Group<br>Dept. 77304<br>P.O. Box 77000<br>Detroit, MI 48277-0304 | | | Consideration: Medical services - collection agency | | | | Notice Only |
| ACCOUNT NO.  xxxx0369<br><br>Mira Med Revenue Group, LLC<br>991 Oak Creek Drive<br>Lombard, IL 60148-6408 | | | Consideration: Medical services | | | | 13.70 |
| ACCOUNT NO.  unknown<br><br>My Cash Now.com<br>207 - 1425 Marine Drive<br>West Vancouver British Columbia<br>Canada V7T 1B9 | | | Consideration: payday loan - personal loan | | | | 7,586.00 |

Sheet no.  5  of  8  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  | $ | 9,905.18

Total ➤  | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISUNYJA*****-

B6F (Official Form 6F) (12/07) - Cont.

In re  Lyletha Jennings_____,    Case No. _____
**Debtor**                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxxxx2934<br><br>Oaklawn Radiology Imaging<br>37241 Eagle Way<br>Chicago, IL 60678-1372 | | | Consideration: Medical services | | | | 3.48 |
| ACCOUNT NO.  xxxxx2370<br><br>QC Financial Services, Inc.<br>National Quik Cash #459<br>6508 W. Cermak<br>Berwyn, IL 60402 | | | Consideration: Personal loan | | | | 168.70 |
| ACCOUNT NO.  xxxxx7586<br><br>Richton Park Animal Hospital<br>c/o Activity Collection Service<br>664 N. Milwaukee Ave.<br>Prospect Heights, IL 60070-2300 | | | Consideration: Vet medical services | | | | 278.00 |
| ACCOUNT NO.   none<br><br>Robert Walker<br>1670 Ainsley Lane<br>Lombard, IL 60148 | | | Consideration: unpaid rent | | | | 6,000.00 |
| ACCOUNT NO.  xxxx2002<br><br>Rush Oak Park Hospital<br>26099 Network Place<br>Chicago, IL 60673-1260 | | | Consideration: Medical services - collection agency | | | | 75.00 |

Sheet no. _6_ of _8_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 6,525.18

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA-*****-.

B6F (Official Form 6F) (12/07) - Cont.

In re  Lyletha Jennings_____,          Case No. _____
              **Debtor**                                                            **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxxxx1000 Santander Consumer USA Attn: Bankruptcy Dept. P.O. Box 961245 Ft. Worth, TX 76161 | | | Consideration: vehicle repossession from 2010 2005 Envoy vehicle repossessed in 2010 | | | | 13,588.00 |
| ACCOUNT NO.  xxxx7586 Short Term Loans, L.L.C. 1400 E. Touhy Ave. Suite 108 Des Plaines, IL 60018 | | | Consideration: Personal loan - payday loan | | | | Notice Only |
| ACCOUNT NO.  xxxxx0586 Stacy Stackhouse c/o William Danna 1105 W. Burlington Western Springs, IL 60558 | | | Consideration: eviction joint action complaint | | | | 4,500.00 |
| ACCOUNT NO.  xxxxxx3306 Suburban Surgical Assoc. 3340 S. Oak Park Ave. Suite 309 Berwyn, IL 60402-3483 | | | Consideration: Medical services | | | | 10.30 |
| ACCOUNT NO.  xxxx2365 T-Mobile c/o Sunrise Credit Service 234 Airport Plaza Blvd. S Farmingdale, NY 11735 | | | Consideration: cell phone - collector of creditor | | | | 1,057.00 |

Sheet no.  7  of  8  continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $        19,155.30

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA-*****-

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Lyletha Jennings _____ ,        Case No. _____
_____**Debtor**_____                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  xxxxx8537<br><br>TCF Bank<br>c/o Professional Acct. Management<br>633 W. Wisconsin Ave., Ste 1600<br>Milwaukee, WI 53203 | | | Consideration: bank fees - collector of creditor | | | | 550.00 |
| ACCOUNT NO.  xxxxx7586<br><br>Transunion<br>Attn: Bankruptcy Dept.<br>P.O. Box 1000<br>Chester, PA 19022 | | | Consideration: notice only to credit bureau | | | | Notice Only |
| ACCOUNT NO.  xxxxxx1358<br><br>Village of Bellwood<br>c/o Municipal Collection Services<br>P.O. Box 327<br>Palos Heights, IL 60463-0327 | | | Consideration: violation of city sticker display | | | | 200.00 |
| ACCOUNT NO.  xxxxx7586<br><br>Wellgroup Health Partners<br>c/o RSS Inc.<br>P.O. Box 663<br>Hammond, IN 46325-0663 | | | Consideration: Medical services - collection agency | | | | 157.00 |
| ACCOUNT NO. | | | | | | | |

Sheet no. __8__ of __8__ continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▶  | $        907.00

Total ▶  | $     51,673.77

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

**B6G (Official Form 6G) (12/07)**

In re <u>Lyletha Jennings</u>                              Case No. _____
                    **Debtor**                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NVJA***** -

**B6H (Official Form 6H) (12/07)**

In re  Lyletha Jennings                                          Case No. _____

                    **Debtor**                                                                      **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****-

B6I (Official Form 6I) (12/07)

In re ___Lyletha Jennings_____    Case _____
            **Debtor**                                                                            **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:  Single | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): No dependents | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Rail road conductor | |
| Name of Employer | Union Pacific Railroad | |
| How long employed | 5 years | |
| Address of Employer | 301 W. Lake St. | N.A. |
| | Northlake, IL | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | | $ 5,273.00 | $ N.A. |
| 2. Estimated monthly overtime | | $ 0.00 | $ N.A. |
| 3. SUBTOTAL | | $ 5,273.00 | $ N.A. |
| 4. LESS PAYROLL DEDUCTIONS | | | |
|     a. Payroll taxes and social security | | $ 304.80 | $ N.A. |
|     b. Insurance | | $ 396.00 | $ N.A. |
|     c. Union Dues | | $ 210.00 | $ N.A. |
|     d. Other (Specify: retirement tier 1 & 2 ) | | $ 520.00 | $ N.A. |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 1,430.80 | $ N.A. |
| 6.. TOTAL NET MONTHLY TAKE HOME PAY | | $ 3,842.20 | $ N.A. |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | | $ 0.00 | $ N.A. |
| 8. Income from real property | | $ 0.00 | $ N.A. |
| 9. Interest and dividends | | $ 0.00 | $ N.A. |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ 0.00 | $ N.A. |
| 11. Social security or other government assistance ( Specify) | | $ 0.00 | $ N.A. |
| 12. Pension or retirement income | | $ 0.00 | $ N.A. |
| 13. Other monthly income _____ (Specify) _____ | | $ 0.00 / $ 0.00 | $ N.A. / $ N.A. |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | $ 0.00 | $ N.A. |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | | $ 3,842.20 | $ N.A. |
| 16. COMBINED AVERAGE MONTHLY INCOME (Combine column totals from line 15) | | $ 3,842.20 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

    None

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISU-NYJA*****-

In re   Lyletha Jennings _____    Case No. _____
                    **Debtor**                                                        **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 1,200.00 |
|     a. Are real estate taxes included?    Yes _____ No ✓ | | |
|     b. Is property insurance included?    Yes _____ No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | | $ 250.00 |
|     b. Water and sewer | | $ 100.00 |
|     c. Telephone | | $ 100.00 |
|     d. Other _____ | | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 0.00 |
| 4. Food | | $ 400.00 |
| 5. Clothing | | $ 200.00 |
| 6. Laundry and dry cleaning | | $ 100.00 |
| 7. Medical and dental expenses | | $ 200.00 |
| 8. Transportation (not including car payments) | | $ 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 50.00 |
| 10. Charitable contributions | | $ 50.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | | $ 0.00 |
|     b. Life | | $ 150.00 |
|     c. Health | | $ 100.00 |
|     d. Auto | | $ 150.00 |
|     e. Other _____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | | $ 527.00 |
|     b. Other _____ | | $ 0.00 |
|     c. Other _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other    Internet, cable TV, grooming, dog expenses | | $ 350.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | | $ 4,177.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

    None _____

_____

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|     a. Average monthly income from Line 15 of Schedule I | | $ 3,842.20 |
|     b. Average monthly expenses from Line 18 above | | $ 4,177.00 |
|     c. Monthly net income (a. minus b.) | | $ -334.80 |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re ___Lyletha Jennings_____

_____
Debtor

Case No. _____

Chapter ___7_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $ 0.00 | | |
| B – Personal Property | YES | 3 | $ 13,000.00 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 1 | | $ 24,080.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $ 7,860.60 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 9 | | $ 51,673.77 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 3,842.20 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 4,177.00 |
| TOTAL | | 23 | $ 13,000.00 | $ 83,614.37 | |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WI/SU-NYJA*****

# United States Bankruptcy Court
### Northern District of Illinois

In re    Lyletha Jennings

Debtor

Case No. _____

Chapter _____7_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 7,860.60 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 7,860.60 |

**State the Following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 3,842.20 |
| Average Expenses (from Schedule J, Line 18) | $ 4,177.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 5,273.00 |

**State the Following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 12,080.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 7,191.62 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 668.98 |
| 4. Total from Schedule F | | $ 51,673.77 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 64,422.75 |

In re ___Lyletha Jennings_____    Case No. _____
                    **Debtor**                                                              **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____25_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___September 28, 2013_____          Signature: ___/s/ Lyletha Jennings_____
                                                                                            **Debtor**

Date _____          Signature: _____Not Applicable_____
                                                                                  **(Joint Debtor, if any)**

[If joint case, both spouses must sign.]

-------------------------------------------------------------------------------------------------------

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                          Social Security No.
of Bankruptcy Petition Preparer                                  *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X _____          _____
      Signature of Bankruptcy Petition Preparer                                  Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

-------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets *(total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____

                                                                          _____
                                                                          [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISI-NYJA*****-

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In Re  Lyletha Jennings                                    Case No. _____
                                                                        (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  If the answer to an applicable question is "None," mark the box labeled "None."  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business."  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider."  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | | SOURCE | |
|---|---|---|---|---|
| 2013 | 38,225 | Union Pacific Railroad | | FY: 1-1-13 to 8-15-13 |
| 2012 | 50,753 | Union Pacific Railroad | | FY: 1-1-12 to 12-31-12 |
| 2011 | 59,178 | Union Pacific Railroad | | FY: 1-1-11 to 12-31-11 |

B7 (Official Form 7) (04/13)                                                                                      2

---

**2. Income other than from employment or operation of business**

None

☒

       State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

      AMOUNT                                                    SOURCE

---

**3. Payments to creditors**

None

☒

  *Complete a. or b., as appropriate, and c.*

  *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

None

☒

  *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after date of adjustment.

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISU-NYJA***** -

B7 (Official Form 7) (04/13)                                                                 3

---

None

☒

    *c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

    **4.  Suits and administrative proceedings, executions, garnishments and attachments**

None

☐

    a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| City of Chicago vs. Lyletha Jennings<br><br>2013-M1-665466 | Registration of Administrative Judgment | Daley Center 50 W. Washington St. Chicago, IL 60602 | pending - citation issued |

---

None

☐

    b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| AmeriCash c/o Checkbook Loans Dept. 880 Lee Street, Suite 302 Des Plaines, IL 60016 | July 2013 | $458.70 semi monthly |

B7 (Official Form 7) (04/13)                                                                                        4

---

**5.  Repossessions, foreclosures and returns**

None              List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a
☒         deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement
          of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning
          property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
          joint petition is not filed.)

| NAME AND<br>ADDRESS OF<br>CREDITOR OR SELLER | DATE OF REPOSESSION,<br>FORECLOSURE SALE,<br>TRANSFER OR RETURN | DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|

---

**6.  Assignments and Receiverships**

None       a.       Describe any assignment of property for the benefit of creditors made within 120 days immediately
☒          preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include
           any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
           and a joint petition is not filed.)

| NAME AND<br>ADDRESS<br>OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF<br>ASSIGNMENT<br>OR SETTLEMENT |
|---|---|---|

---

None       b.       List all property which has been in the hands of a custodian, receiver, or court-appointed official within
☒          one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or
           chapter 13 must include information concerning property of either or both spouses whether or not a joint petition
           is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND<br>ADDRESS<br>OF CUSTODIAN | NAME AND LOCATION<br>OF COURT CASE TITLE<br>& NUMBER | DATE OF<br>ORDER | DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|---|

---

**7.  Gifts**

None              List all gifts or charitable contributions made within one year immediately preceding the commencement of
☒         this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual
          family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing
          under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a
          joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND<br>ADDRESS OF<br>PERSON OR ORGANIZATION | RELATIONSHIP<br>TO DEBTOR, IF ANY | DATE OF<br>GIFT | DESCRIPTION AND<br>VALUE OF GIFT |
|---|---|---|---|

**8.  Losses**

None

☒           List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None

☐           List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| George I. Sarolas 7234 W. North Ave., Suite 210 Elmwood Park, IL 60707 | June 30, 2013; Sept. 25, 2013 | $1,000.00 plus $306.00 court fees |

**10.  Other transfers**

None

☒           a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

           b.   List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

None

☐

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Chase Bank | Checking account Closing Balance: -500.00 | Feb-March 2013 -500.00 |

**12.  Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****-

B7 (Official Form 7) (04/13)                                                                                                           7

**15.  Prior address of debtor**

None

☐

       If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                              NAME USED                          DATES OF OCCUPANCY

615 Bellwood Ave.            Lyletha Jennings                    Sept. 2010 - 2012
Bellwood, Illinois

**16.  Spouses and Former Spouses**

None

☒

       If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

      NAME

**17.  Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

      "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

      "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None

☒

      a.     List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

B7 (Official Form 7) (04/13)                                                                                     8

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☒

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☒

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None
☒

a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or  was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☒

| NAME | ADDRESS |
|---|---|

## [Questions 19 - 25 are not applicable to this case]

*    *    *    *    *    *

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****-

B7 (Official Form 7) (04/13)                                                                                                    9

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date     September 28, 2013         Signature     /s/ Lyletha Jennings

                                   of Debtor       LYLETHA JENNINGS

        0    continuation sheets attached

**Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571**

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____      _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer      Social Security No. (Required by 11 U.S.C. § 110(c).)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X_____      _____
Signature of Bankruptcy Petition Preparer                     Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

B8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

Lyletha Jennings

In re _____ ,      Case No. _____
                        Debtor                                                    Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate.  *(Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)*

| Property No.  1 | |
|---|---|
| **Creditor's Name:**<br>  Overland Bond | **Describe Property Securing Debt:**<br>  2007 Cadillac DTS-V8 |

Property will be *(check one)*:

☐ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property
☑ Reaffirm the debt
☐ Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☑ Claimed as exempt          ☐ Not claimed as exempt

| Property No. 2  *(if necessary)* | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:

☐ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☐ Claimed as exempt          ☐ Not claimed as exempt

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISU-NYJA*****.

B8 (Official Form 8) (12/08)                                                                                    Page 2

**PART B** - Personal property subject to unexpired leases. *(All three columns of Part B must be completed for Each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1    NO Leased Property | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>❑ YES      ❑ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>❑ YES      ❑ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>❑ YES      ❑ NO |

___0___ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my Estate securing debt and/or personal property subject to an unexpired lease.**

Date: September 28, 2013 _____              /s/ Lyletha Jennings _____
                                                                        Signature of Debtor


                                                       _____
                                                                        Signature of Joint Debtor

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****-

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court

## Northern District of Illinois

In re  Lyletha Jennings                                    Case No. _____
_____
**Debtor**                                                          **(If known)**

# CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
# UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code

_____                    _____
Printed name and title, if any, of Bankruptcy Petition Preparer      Social Security number (If the bankruptcy petition
Address:                                                             preparer is not an individual, state the Social Security
                                                                     number of the officer, principal, responsible person,
_____                    or partner of the bankruptcy petition preparer.)
                                                                     (Required by 11 U.S.C. § 110.)

X_____
Signature of Bankruptcy Petition Preparer or officer,
Principal, responsible person, or partner whose Social
Security number is provided above.

### Certification of the Debtor

I, (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code

Lyletha Jennings                                         X   /s/ Lyletha Jennings
_____                    _____
Printed Names(s) of Debtor(s)                           Signature of Debtor                Date

Case No. (if known) _____           X_____
                                                                     Signature of Joint Debtor, (if any)         Date

_____

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

B203
12/94

# United States Bankruptcy Court
## Northern District of Illinois

In re  Lyletha Jennings

Case No. _____

Chapter _____7_____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s)
     and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services
     rendered or to be rendered on behalf  of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ...........................………………………........ $ _____1,000.00_____

Prior to the filing of this statement I have received .........…………………................... $ _____1,000.00_____

Balance Due ...................................……………………………………….................. $ _____0.00_____

2.   The source of compensation paid to me was:

     ☑ Debtor          ☐ Other (specify)

3.   The source of compensation to be paid to me is:

     ☑ Debtor          ☐ Other (specify)

4.   ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and
     associates of my law firm.

     ☐   I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates
     of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
     c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

Court costs

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the
debtor(s) in the bankruptcy proceeding.

_____September 28, 2013_____          /s/ George I. Sarolas_____
*Date*                                              *Signature of Attorney*

_____
*Name of law firm*

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****-

B22A (Official Form 22A) (Chapter 7) (04/13)

In re Lyletha Jennings
_____
Debtor(s)

Case Number:_____
(If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):
☐ **The presumption arises.**
☑ **The presumption does not arise.**
☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by §707(b)(2)(C).

| Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|

| | |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity**. Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>    a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>        ☐ I remain on active duty /or/<br>        ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br>    OR<br>    b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISU-NYJA*****-

B22A (Official Form 22A) (Chapter 7) (04/13) - Cont

2

| Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | | |
|---|---|---|---|

<table>
<tr>
<td rowspan="6">2</td>
<td colspan="3"><b>Marital/filing status.</b> Check the box that applies and complete the balance of this part of this statement as directed.</td>
</tr>
<tr>
<td colspan="3">a. ☑ <b>Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.</b></td>
</tr>
<tr>
<td colspan="3">b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." <b>Complete only Column A ("Debtor's Income") for Lines 3-11.</b></td>
</tr>
<tr>
<td colspan="3">c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. <b>Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.</b></td>
</tr>
<tr>
<td colspan="3">d. ☐ Married, filing jointly. <b>Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.</b></td>
</tr>
</table>

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $   5,273.00 | $   N.A. |

<table>
<tr>
<td rowspan="4">4</td>
<td colspan="2"><b>Income from the operation of a business, profession or farm.</b> Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. <b>Do not include any part of the business expenses entered on Line b as a deduction in Part V.</b></td>
<td rowspan="4"></td>
<td rowspan="4"></td>
</tr>
<tr>
<td>a. Gross receipts</td>
<td>$                    0.00</td>
</tr>
<tr>
<td>b. Ordinary and necessary business expenses</td>
<td>$                    0.00</td>
</tr>
<tr>
<td>c. Business income</td>
<td>Subtract Line b from Line a</td>
</tr>
</table>

Row 4 columns: $ 0.00 | $ N.A.

<table>
<tr>
<td rowspan="4">5</td>
<td colspan="2"><b>Rent and other real property income.</b> Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. <b>Do not include any part of the operating expenses entered on Line b as a deduction in Part V.</b></td>
<td rowspan="4"></td>
<td rowspan="4"></td>
</tr>
<tr>
<td>a. Gross receipts</td>
<td>$                    0.00</td>
</tr>
<tr>
<td>b. Ordinary and necessary operating expenses</td>
<td>$                    0.00</td>
</tr>
<tr>
<td>c. Rent and other real property income</td>
<td>Subtract Line b from Line a</td>
</tr>
</table>

Row 5 columns: $ 0.00 | $ N.A.

| 6 | **Interest, dividends and royalties.** | $   0.00 | $   N.A. |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $   0.00 | $   N.A. |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; If a payment is listged in Column A, do not report that payment in Column B. | $   0.00 | $   N.A. |

<table>
<tr>
<td rowspan="2">9</td>
<td colspan="2"><b>Unemployment compensation.</b> Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:</td>
<td rowspan="2"></td>
<td rowspan="2"></td>
</tr>
<tr>
<td>Unemployment compensation claimed to be a benefit under the Social Security Act</td>
<td>Debtor $    0.00     Spouse $    N.A.</td>
</tr>
</table>

Row 9 columns: $ 0.00 | $ N.A.

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA-*****-.

| 10 | **Income from all other sources.**  Specify source and amount.  If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.**   Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
|---|---|---|---|
| | | a. | $              0.00 |
| | | b. | $              0.00 |
| | Total and enter on Line 10 | $         0.00 | $       N.A. |

| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).**  Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B.  Enter the total(s). | $    5,273.00 | $       N.A. |
|---|---|---|---|

| 12 | **Total Current Monthly Income for § 707(b)(7).**  If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $              5,273.00 |
|---|---|---|

| | **Part III. APPLICATION OF § 707(b)(7) EXCLUSION** | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ 63,276.00 |
| 14 | **Applicable median family income.**   Enter the median family income for the applicable state and household size.  (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: ____Illinois____      b. Enter debtor's household size: ____1____ | $ 47,485.00 |
| 15 | **Application of Section 707(b)(7).**   Check the applicable box and proceed as directed.<br><br>☐  **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the "The presumption does not arise" box at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br><br>☑  **The amount on Line 13 is more than the amount on Line 14.**   Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI and VII of this statement only if required. (See Line 15.)**

| | **Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)** | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | $    5,273.00 |
| 17 | **Marital adjustment**.   If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents.  Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose.  If necessary, list additional adjustments on a separate page.  If you did not check box at Line 2.c, enter zero. | |
| | | a. | | $ |
| | | b. | | $ |
| | | c. | | $ |
| | Total and enter on Line 17. | | $         0.00 |
| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | $    5,273.00 |

| Part V. CALCULATION OF DEDUCTIONS FROM INCOME |
|---|

| Subpart A: Deductions under Standards of the Internal Revenue Service (IRS) |
|---|

| 19A | **National Standards: food, clothing and other items.**  Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of person is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $       583.00 |
|---|---|---|

| 19B | **National Standards: health care.**  Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older.  (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.)  Multiply line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1.  Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2.  Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | $        60.00 |
|---|---|---|

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | 60.00 | a2. | Allowance per person | 144.00 |
| b1. | Number of persons | 1 | b2. | Number of persons | 0 |
| c1. | Subtotal | 60.00 | c2. | Subtotal | 0.00 |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.**  Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $       479.00 |
|---|---|---|

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.**   Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B.  **Do not enter an amount less than zero.** | $   1,344.00 |
|---|---|---|

COOK COUNTY

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $                1,344.00 |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $                0.00 |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

| 21 | **Local Standards: housing and utilities; adjustment.**  If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $        0.00 |
|---|---|---|

B22A (Official Form 22A) (Chapter 7) (04/13) - Cont.                                                                    5

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br>☐ 0 ☑ 1 ☐ 2 or more.   **CHICAGO**<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $      262.00 |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation.  (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $        0.00 |

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☑ 1   ☐ 2 or more.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards:  Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23.  **Do not enter an amount less than zero.** | | |
|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $      517.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $        0.00 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $      517.00 |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards:  Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24.  **Do not enter an amount less than zero.** | | |
|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $      517.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $        0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $        0.00 |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $        0.00 |
|---|---|---|
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | 609.52 |
| 27 | **Other Necessary Expenses: life insurance.**  Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $        0.00 |
| 28 | **Other Necessary Expenses: court-ordered payments.**  Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments.  **Do not include payments on past due obligations included in Line 44.** | 917.40 |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****.

| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ | 0.00 |
|---|---|---|---|
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ | 0.00 |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ | 0.00 |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ | 100.00 |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32 | $ | 4,871.92 |

| **Subpart B: Additional Living Expense Deductions** <br> **Note: Do not include any expenses that you have listed in Lines 19-32.** | | |
|---|---|---|

| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
|---|---|---|
| | | a. | Health Insurance | $ | 396.00 |
| | | b. | Disability Insurance | $ | 0.00 |
| | | c. | Health Savings Account | $ | 0.00 |
| | Total and enter on Line 34. | $ | 396.00 |
| | **If you do not actually expend this total amount,** state your actual average expenditures in the space below: <br> $ _____ 0.00 _____ | | |

| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ | 0.00 |
|---|---|---|---|
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | 0.00 |
| 37 | **Home energy costs** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | 0.00 |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISU-NYJA-*****-

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court**.) You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
|---|---|---|---|
| 40 | **Continued charitable contributions.**   Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170 (c)(1)-(2) | $ | 0.00 |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | $ | 396.00 |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page.  Enter the total Average Monthly payments on Line 42. |   |   |
|---|---|---|---|

|   | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | Overland Bond |   | $      527.00 | ☐ yes ☑ no |
| b. |   |   | $      0.00 | ☐ yes ☑ no |
| c. |   |   | $      0.00 | ☐ yes ☑ no |
|   |   |   | Total: Add Lines a, b and c | $      527.00 |

| 43 | **Other payments on secured claims.** If any of the debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |   |   |
|---|---|---|---|

|   | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. |   |   | $      0.00 |
| b. |   |   | $      0.00 |
| c. |   |   | $      0.00 |
|   |   |   | $      0.00 |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing.  **Do not include current obligations, such as those set out in Line 28.** | $ | 0.00 |
|---|---|---|---|

| 45 | Chapter 13 administrative expenses. If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $ 0.00 |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x 5.2 % |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b $ 0.00 |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ 527.00 |
|---|---|---|

## Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ 5,794.92 |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ 5,273.00 |
|---|---|---|
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ 5,794.92 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ -521.92 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ -31,315.20 |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br>☑ **The amount on Line 51 is less than $7,475\*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ **The amount set forth on Line 51 is more than $12,475\*.** Check the "Presumption arises" box at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII.  Do not complete the remainder of Part VI.<br>☐ **The amount on Line 51 is at least $7,475\*, but not more than $12,475\*.** Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ N.A. |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ N.A. |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. | |

## Part VII: ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. | | |
|---|---|---|---|
| | | Expense Description | Monthly Amount |
| | a. | | $ 0.00 |
| | b. | | $ 0.00 |
| | c. | | $ 0.00 |
| | | Total: Add Lines a, b and c | 0.00 |

*\*Amounts are subject to adjustment on 4/1/2016, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B22A (Official Form 22A) (Chapter 7) (04/13) - Cont

9

| | **Part VIII: VERIFICATION** |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: September 28, 2013         Signature: /s/ Lyletha Jennings<br>                                                                    *(Debtor)*<br><br>Date:                                 Signature:<br>                                                                    *(Joint Debtor, if any)* |

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 - WISU-NYJA*****-

## Form 22 Continuation Sheet

**Income Month 1**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 5,273.00 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

**Income Month 2**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 5,273.00 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

**Income Month 3**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 5,273.00 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

**Income Month 4**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 5,273.00 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

**Income Month 5**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 5,273.00 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

**Income Month 6**

| | | |
|---|---|---|
| Gross wages, salary, tips... | 5,273.00 | 0.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 0.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

## Additional Items as Designated, if any

## Remarks

Bankruptcy2013 ©1991-2013, New Hope Software, Inc., ver. 4.7.2-792 – WISI-NYJA*****.